## Morfesi v. Sherman

*Salvatore P.J. Vito,* for plaintiffs.

*Nancy P. Wallitsch,* for defendant Patricia E. Sherman.

YOUNG, *J.,* December 4, 1991—It now becomes the law in at least Lehigh County, that a claim for punitive damages does not survive the death of the tortfeasor. Neither counsel nor the court have been able to find any Pennsylvania precedent precisely on point, although the issue has been decided by the tribunals of other states with mixed results. See 30 A.L.R. 4th 707 (1984). To date, Alabama, Florida, New Hampshire and West Virginia disagree with the above proposition, while 22 other states are in accord. The instant case deals with allegations of medical malpractice, but the court's present ruling is intended to apply across-the-board, to any type of litigation which by case law or statute permits a count of punitive damages to be added to it.

The details of the case now before the court are not particularly important in making this decision. The question to be resolved depends upon legal and practical considerations. Suffice it to relate that the plaintiffs seek money damages from the estate of Doctor Sherman, who purportedly erred in treating Mr. Morfesi. A claim for punitive damages has been pled. The deposition of Dr. Sherman was taken by the plaintiff following the completion of the pleadings.

A motion for summary judgment on the basis that there are no facts to support a claim of outrageous conduct by Dr. Sherman is procedurally not possible at this time. The depositions of the plaintiffs have not yet been scheduled, and such a step might indeed be imprudent. The doctor carried medical malpractice insurance, and it is actually counsel for that carrier who is defending the lawsuit. However, the policy does not offer protection for punitive damages. The estate has been put on notice of that fact, and advised

that its best interest would be served if it were to retain independent legal representation.

The estate, which is in reality the doctor's wife and children, have not hired counsel as of this date. The taking of the plaintiffs' deposition may well act as a waiver of Pennsylvania's Dead Man's Rule of evidence, (42 Pa.C.S. §5930), which the malpractice insurance company's lawyer correctly hesitates to do. Accordingly, the issue of whether or not the death of Dr. Sherman causes the demise of the punitive damage claim against him must now be put to rest.

The court rejects the argument put forth by the doctor's estate that the Legislature would prefer to benefit the decedent's natural heirs as opposed to his creditors. Whether the defendant in any litigation is rich or poor, with or without a wife and children, or of a mind to pass his worldly accumulations to charities, is irrelevant. The laws as written treat all alike, and mandate that each person shall pay his or her legal debts *before* permitting any distribution to beneficiaries (20 Pa.C.S. §3381 et seq.). Nor does the court accept the defendant's urging that it place significance upon the fact that in Pennsylvania a claim of punitive damages is derivative rather than self-sustaining. *Schecter v. Watkins,* 395 Pa. Super. 363, 577 A.2d 585 (1990). This would become relevant to the issue at hand only if the underlying cause of action were stricken. Coupled to a variety of viable lawsuits, a claim for punitive damages has long been recognized in this jurisdiction. Once well pled, there is no authority or reason to ascribe to it a second-class status.

The public policies that underpin a claim for punitive damages are but two: (1) to "punish" a defendant if

the jury (or fact-finding judge) finds that the defendant acted outrageously toward the plaintiff, and (2) to "deter" others, by example, from like conduct. *Martin v. Johns-Manville Corp.*, 508 Pa. 154, 494 A.2d 1088 (1985).

It is clear that Dr. Sherman can no longer be punished. His death has taken away that element of support for the use of punitive damages. Therefore, remembering that such damages are by their definition over and above any real damages due to the plaintiff, the issue is whether or not the courts of Pennsylvania should permit punitive damages as a matter of public policy, as a deterrence.

An easy answer can be found by strictly applying the broad language of the 1955 Pennsylvania Superior Court case of *Mohler v. Worley*, 179 Pa. Super. 56, 116 A.2d 342 (1955). That court was interpreting subsection (a) of section 926 of the Restatement of Torts. The issue related to the trial court's charge to the jury regarding the correct measure of damages where the plaintiff had died before the trial, of a totally unrelated cause. The court, in deciding that matter, cited the entire section 926 of the Restatement, including subsection (b), which was not germane to the problem at hand.

Subsection (b) of section 926 of the Restatement of Torts reads as follows: "The death of the tortfeasor terminates liability for punitive damages." Pennsylvania has not adopted the Restatement in its totality. Our courts have required reasoning, not merely conclusions.

As noted earlier, the courts which have addressed this rather narrow issue have generated opposite opinions. Whether or not deterrence, standing alone, is a strong enough reason to support a claim for punitive

damages requires a subjective answer. No objective statistics are available. This particular judge believes that the theory of deterrence is weak, particularly when dealing with negligence or carelessness. These are not criminal cases, and in general the alleged tort which forms the basis for these civil lawsuits was not intentional. Further, to allow the punitive damage claim to survive the defendant's death, puts his personal representative at an unfair disadvantage. If discovery of the truth is attempted, the Dead Man's Rule is waived. If no discovery is taken, the trial cannot be well prepared. On balance, those practical considerations outweigh the highly theoretical possibility that the imposition of money damages from the decedent's estate may deter the living from similar conduct.

## ORDER

Now, December 4, 1991, following the entry of written briefs and oral argument, the defendant's motion for partial summary judgment is granted.

Accordingly, the plaintiff's claim for punitive damages is stricken.